BARHAM, Judge.
Plaintiff sued for $1,169.54, claiming vices and defects in a Case Tractor-Loader which he had for use under a lease-purchase agreement with the defendant. Defendant’s answer denied any such vices or defects and he reconvened for a repair bill and resumption of payments on the Loader under the terms of the contract. From judgment ordering the termination of the contract without any indemnity, and judgment in favor of defendant for his repair bill, plaintiff, G. A. O’Steen, has appealed.
The defendant has neither appealed nor answered the appeal. Therefore, the issues presented to this Court are raised by plaintiff’s appeal and the judgment to which that appeal is directed and are purely factual. First, the Court is called upon to decide whether or not the Case Loader was in such condition as to be unfit for the use which plaintiff and defendant anticipated to be required of it, and if not satisfactory, is defendant required to indemnify plaintiff because of misrepresentation. The defendant has not appealed from that portion of the judgment which rescinded the contract.
The lower court in written reasons for judgment concluded that although the object which was the subject of the contract was not defective at the confection of the contract, that after a lapse of time it became unfit for use. The trial court rescinded the contract but refused plaintiff’s demand for restitution of the payments from the inception of the contract to the date of cancellation.
Our conclusion, based upon the facts, is that plaintiff is not entitled to recover under the law applicable to redhibition. We further conclude that there is no contradiction in the record as to the amount of the repair bill, and that since it was incurred prior to tjie termination of the contract, the lower court has properly cast judgment in favor of the defendant for this sum.
The judgment of the district court is affirmed and the costs of this appeal are assessed against plaintiff-appellant.